**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal District Appraisal Review Board, Appellants,**

**v.**

**KRUPP REALTY LIMITED PARTNERSHIP d/b/a Westbrook Place Apartments and Willow Cove Apartments, Appellee.**

No. 01–89–00495–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 15, 1990.

Kenneth Wall, Houston, for appellants.

Joe G. Bax, Houston, for appellee.

Before DUGGAN, WARREN and MIRABEL, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment determining the appraised value of property for ad valorem tax purposes.

Appellee, Krupp Realty Limited Partnership d/b/a Westbrook Place Apartments and Willow Cove Apartments ("Krupp"), filed suit under the Texas Tax Code for judicial review of two final orders by appellants, Harris County Appraisal District and Harris County Appraisal District Appraisal Review Board (jointly, "the Appraisal District"), following Krupp's protest of the appraised value of two properties for 1986 ad valorem taxation. *See* Tex. Tax Code Ann. § 42.01 (Vernon 1982).

Krupp's petition and the Appraisal District's general denial answer were both filed prior to the delinquency date for 1986 property taxes, January 31, 1987. Property taxes for 1986 owed by Krupp to one taxing authority, Alief Independent School District ("AISD"), on one of the properties, together with penalty and interest due, were paid on April 13, 1987, approximately two and one-half months after the delinquency date.

On September 20, 1988, some 20 months after Krupp's late payment to AISD, the Appraisal District filed a motion to dismiss Krupp's suit on the grounds that Krupp, by failing to pay the 1986 ad valorem tax due AISD on one of the properties prior to delinquency, did not substantially comply with section 42.08. The trial court considered the Appraisal District's motion at the same time it considered the Appraisal District's case against Krupp and found "that [Krupp] has substantially complied with the provisions of section 42.08 of the Texas Property Tax Code." The trial court denied the Appraisal District's motion to dismiss, and rendered judgment for Krupp in accordance with the parties' stipulated evidence of the January 1, 1986 market values of the two properties.

█ In its sole point of error, the Appraisal District asserts that the trial court erred in denying its motion to dismiss because Krupp did not substantially comply with section 42.08, which provides:

(a) The pendency of an appeal as provided by this chapter does not affect the date taxes become delinquent.

(b) *A property owner who appeals as provided by this chapter must pay the tax due* on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater, but not to exceed the amount of tax that would be due under the order from which the pending appeal was taken, *before the delinquency date or he forfeits his right to proceed to final determination of the pending action.*

(c) Upon the motion of a party, the court shall hold a hearing to review and determine compliance with this section. If the court determines that the property owner has not *substantially complied* with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

Tex. Tax Code Ann. § 42.08 (Vernon Supp. 1990) (emphasis added).

At trial the parties stipulated: (1) the dollar amounts of the market values of the two properties on January 1, 1986; (2) that, except for taxes due to AISD on one of the two properties, all property taxes were paid by Krupp to each respective taxing jurisdiction for tax year 1986 by the delinquency date of January 31, 1987; (3) that 1986 AISD delinquent taxes due on the one prop-

erty were not paid until April 13, 1987, approximately two and one-half months after the delinquency date; and (4) that on April 13, 1987, Krupp paid these property taxes, plus penalty and interest due AISD for tax year 1986.

The Appraisal District contends that because Krupp was approximately two and one-half months late with the payment to AISD, Krupp failed to substantially comply with the requirements of section 42.08, and should therefore forfeit its right to proceed to final determination of its suit for judicial review of the Appraisal District's determined appraisal values.

The Appraisal District argues that, by its failure to pay any of the tax due AISD on one of the two properties until two and one-half months after the delinquency date, Krupp "failed to comply, substantially or otherwise, with Section 42.08." The Appraisal District urges that " 'substantial compliance' means payment prior to delinquency, although some minor errors in calculating the amount may be excused."

■ We have found only one appellate decision defining substantial compliance under section 42.08. "Substantial compliance has been defined as meaning that one has performed the 'essential requirements' of a statute." *Missouri Pac. R.R. v. Dallas County Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ). If deviations from the performance required by statute do not seriously hinder the legislature's purpose in imposing the requirement, then there has been substantial compliance. *Id.* The Dallas court reasoned that there are two parts to the evident purpose behind section 42.08:

> First, to insure that taxpayers would not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax and, second, to assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review.

*Id.*

Following the analysis of "substantial compliance" found in *Missouri Pacific*, we note, first, that the record undisputedly shows that Krupp did not "use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax." Krupp's suit involved the protest of values assessed on two properties. The parties stipulated that all taxes were paid before the delinquency date except for the payment made two and one-half months later on one property to one school district, AISD. Despite its pending suit, Krupp paid its taxes in full within two and one-half months of the due date. At the time of final payment, no action had been taken in the suit other than the filing of Krupp's petition and the Appraisal District's general denial answer; no action would be taken for 17 months, when the Appraisal District's motion for dismissal would be filed. Krupp did not use its pending suit to delay or avoid the payment of taxes; thus, the legislature's first objective in establishing the minimum payment provision of section 42.08 was satisfied.

Second, the record does not indicate that Krupp, by invoking judicial review of appraised values on its properties without paying all taxes before the delinquency date, unduly impeded the activities of AISD. Krupp made its late payment to AISD on April 13, 1987, some 17 months before the Appraisal District's motion for substantial compliance hearing and dismissal was filed on September 20, 1988. The evidence was sufficient for the trial court to reasonably conclude that Krupp's late payment, made long before Krupp's substantial compliance was challenged, did not impede AISD's activities.

The judgment of the trial court is affirmed.