**S.M. FERGUSON, Jr. and S.M. Ferguson, Jr., Inc., Appellants,**

v.

**CHILLICOTHE INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 07–88–0284–CV.

Court of Appeals of Texas, Amarillo.

Oct. 29, 1990.

Rehearing Overruled Nov. 28, 1990.

Jackson & Walker, C. Steven Matlock, Dallas, for appellants.

Dan Mike Bird, Quanah, McCreary, Veselka, Beck & Allen, P.C., Roy L. Armstrong, Austin, for appellees.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Judge.

S.M. Ferguson, Jr. and S.M. Ferguson, Jr., Inc., initiated the action underlying this appeal against the taxing authority, Chillicothe Independent School District, and others,[1] to obtain judicial review of valuations placed on the Ferguson properties situated in Hardeman County for the tax years 1985, 1986, and 1987. The trial court sustained the taxing authority's plea to the court's jurisdiction and its motion to dismiss with respect to the tax years 1985 and 1986 because of the Fergusons' failure to comply with the provisions of the Texas Property Tax Code for judicial review, and dismissed the Fergusons' action as to those years. Later, the court severed the cause of action pertaining to tax year 1987.[2]

With three points of error, the Fergusons challenge the court's action leading to, and its ordering, the dismissal. We will affirm on the rationale to be now stated.

The Fergusons filed their initial action in May of 1986 after receiving notice of the valuations placed on their properties. Alleging that the taxing authority used an arbitrary, discriminatory, and illegal scheme of valuation to place a grossly excessive value on the properties for the tax year 1985, the Fergusons sought an injunction to prevent the effectuation of the taxing scheme and a writ of mandamus to correct the tax rolls to show the proper assessed values of their properties.

The taxing authority answered and interposed a plea to the jurisdiction, by which it contended that the Fergusons were barred from an appeal from the order setting valuations because they did not file their action within the 45–day period allowed for filing an appeal after they received notice that the final order had been entered. *See* Tex. Tax Code Ann. § 42.21 (Vernon Supp.1990). The Fergusons opposed the plea, asserting that they attempted to protest the valuations, but were not given the opportunity.

Subsequently, in September of 1987, the Fergusons filed their second amended petition to include the tax years 1986 and 1987. The taxing authority filed a plea to the jurisdiction, seeking a dismissal of the entire action on the ground that the Fergusons failed to comply with the statutory requirements pertaining to taxpayer protests and petitions for reviews. Additionally, the taxing authority moved for dismissal of the Fergusons' action with respect to the tax years 1985 and 1986 because they failed to make the payment of taxes required before they became delinquent. *See* Tex. Tax Code Ann. § 42.08 (Vernon Supp. 1990).

On December 9, 1987, the court heard the taxing authority's plea and motion over the objection of the Fergusons. First, the Fergusons requested the court to hear

---

1. The other named defendants are Sharon Brock in her capacity as Tax Assessor and Collector of Chillicothe Independent School District; Oscar B. Hampton, Jr., Bill Parker and Howard Bartley in their capacities as members of the Board of Equalization for the school district; Hardeman County Appraisal District; Helen Wood in her capacity as Chief Appraiser of the appraisal district; Hardeman County Review Board; and Twilla Butler, Chief Appraiser of the Hardeman County Appraisal District.

2. A transcript of the severed proceedings for the tax year 1987 was tendered, apparently as an attempted appeal in that cause; but, because neither a final judgment had been rendered nor an appealable interlocutory order had been entered, the appeal was dismissed for want of jurisdiction. *S.M. Ferguson, Jr. and S.M. Ferguson, Jr., Inc. v. Chillicothe Independent School District, et al.,* No. 07–88–0283–CV (Tex.App.—Amarillo, Dec. 13, 1988, no writ) (not designated for publication).

their motion to consolidate their action with a delinquent tax suit filed against them by the taxing authority to recover delinquent ad valorem taxes assessed against their properties for the tax years 1984, 1985, and 1986. Then, the Fergusons objected to an evidentiary hearing on the grounds that a summary judgment procedure was the proper vehicle "when you're taking evidence of a factual dispute," and the hearing was a surprise to them and deprived them of their right to trial by jury.

Following the hearing, the trial court granted the taxing authority's plea and motion and, by its judgment signed on April 26, 1988, dismissed the Fergusons' action as it pertains to tax years 1985 and 1986, but left pending the action pertaining to tax year 1987. Later, on September 15, 1988, the court severed the unadjudicated action pertaining to tax year 1987, thereby making final its judgment of dismissal as to tax years 1985 and 1986. In its order of severance, the court also included its denial of the Fergusons' filed motion to consolidate their action with the taxing authority's delinquent tax suit.

On April 7, 1988, in the interim between the hearing and the signing of the judgment, the Fergusons tendered into the registry of the trial court the sum of $14,950 as payment of the taxes for the tax years 1985–87 involved in their action. The tendered sum was in excess of three times the amount of $3,152.11 imposed as taxes on the Fergusons' properties for the year 1984. *See* Tex. Tax Code Ann. § 42.08(b)(1) (Vernon Supp.1990).

In appealing from the judgment of dismissal, the Fergusons contend with their first two points of error that the court erred in (1) sustaining the tax authority's plea to the jurisdiction and motion to dismiss, and (2) hearing evidence on the plea and motion over their objection. With their third point, they charge the court abused its discretion in failing to consolidate their action with the taxing authority's delinquent tax suit.

With two exceptions not involved in this cause, taxes are delinquent if not paid before February 1 of the year following the

year in which imposed. Tex. Tax Code Ann. § 31.02 (Vernon 1982). Thus, the unpaid taxes imposed on the Fergusons' properties for 1985 and 1986 became delinquent on February 1, 1986 and February 1, 1987, respectively.

■ In order to be entitled to, and to exercise, the right of appeal from the determination of valuations, the Fergusons were required to follow the procedures prescribed by the Property Tax Code, for those procedures are the exclusive means for judicial review. Tex. Tax Code Ann. § 42.09 (Vernon Supp.1990); *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). As material to the Fergusons' first two points of error, one of the prescribed procedures is that:

A property owner who appeals ... must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal.

Tex. Tax Code Ann. § 42.08(b) (Vernon Supp.1990). In this regard, another prescribed procedure is that:

On the motion of a party, the court shall hold a hearing to review and determine compliance with this section. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

Tex. Tax Code Ann. § 42.08(d) (Vernon Supp.1990).

■ It is at once obvious that the Fergusons did not comply with the section 42.08(b) mandate for payment of taxes before the delinquency date, because they did not pay any taxes for the tax years 1985 and 1986 before they became delinquent; indeed, they did not attempt to tender pay-

ment until more than twenty-six months after the 1985 taxes became delinquent and more than fourteen months after the 1986 taxes became delinquent. Then, upon the motion of the taxing authority, the court was required to hold a hearing on the motion to determine whether they had substantially complied with the payment requirement of section 42.08(b).

It is equally obvious that the Fergusons could not then transform their late payment into a timely one. Accordingly, the court, necessarily aware that, by operation of section 42.08(b), they had forfeited the right to proceed to a final determination, dismissed their action as required by section 42.08(d). *Graham v. Hutchinson Cty. Appraisal Bd.*, 776 S.W.2d 592, 593 (Tex. App.—Amarillo 1988, writ denied).

Nevertheless, the Fergusons, relying on *Mo. Pac. R. Co. v. Dallas Cty. App. Dist.*, 732 S.W.2d 717 (Tex.App.—Dallas 1987, no writ), submit that they substantially complied with the payment requirement of section 42.08. The reliance is misplaced. In that cause, the appellate court found that the railroad's underpayment by two and one-half percent of the taxes owed to one of nine taxing entities, after having timely paid more than it was statutorily required to pay all taxing entities, was a substantial compliance with the payment statute. *Id.* at 720–21. Here, to the contrary, the issue is not the amount of payment, but the time of payment, and the Fergusons did not make a timely payment of any taxes for 1985 and 1986.

The decision that the taxpayer's untimely payment of taxes forfeits his right to proceed to a final determination of his appeal is not a novel one for us. Recently, in *Harris County Appraisal District and Harris County Appraisal District Review Board v. Consolidated Capital Properties IV*, 795 S.W.2d 39 (Tex.App.—Amarillo, 1990, writ requested), we ordered the dismissal of a taxpayer's action in accordance with section 42.08(b) because the tax amount was paid some two and one-half months after the delinquency date. Determining that the substantial compliance provision related to the amount of payment

and not to the date of payment, we held that paying the tax after the delinquency date is not substantial compliance.

In so holding, we disagreed with, and declined to follow, the contrary holding in *Harris Cty. Appraisal v. Krupp Realty*, 787 S.W.2d 513 (Tex.App.—Houston [1st Dist.] 1990, no writ), that the late payment of taxes, penalty and interest, made two and one-half months after the delinquency date met the substantial compliance requirement. In *Krupp Realty*, the appellate court affirmed the trial court's finding of substantial compliance by reasoning that the taxpayer's right of judicial review was not used as a subterfuge for delaying or avoiding the payment of at least some tax, and the late payment did not impede the taxing unit's activities. *Id.* at 515. Conversely, we found the language of section 42.08 specifying the time limit for payment of the tax amount to be mandatory and not susceptible to considerations for deviation, which would lead to a complete obliteration of the time requirement. We remain convinced of the soundness of our holding.

It follows that the trial court cannot be faulted for adhering to the statutory requirements by holding the required hearing, determining that the Fergusons had not complied with the time for payment of taxes provision and, as a consequence, dismissing their action. As a result, it is unnecessary that we address the issues raised in relation to the taxing authority's plea to the trial court's jurisdiction. Tex.R. App.P. 90(a). The Fergusons' first two points of error are overruled.

■ Contrary to the Fergusons' third-point contention, the trial court cannot be charged with an abuse of discretion for not consolidating their action with the taxing authority's delinquent tax suit. In this regard, we previously noticed that the court denied the motion to consolidate when it signed the order of severance almost five months after signing its judgment of dismissal.

Of course, the trial court is authorized to consolidate pending actions involving a common question of law or fact, and to make orders tending to avoid unnecessary

costs or delay. Tex.R.Civ.P. 174. But the consolidation of parties and claims is a procedural matter within the discretion of the court, whose ruling thereon will not be disturbed on appeal except for an abuse of discretion. *Allison v. Arkansas Louisiana Gas Co.*, 624 S.W.2d 566, 568 (Tex. 1981). The court abuses its discretion only by acting without reference to any guiding rules and principles, or acting arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The Fergusons' motion to consolidate is not included in the transcript,[3] but so far as we can discern, the motion was filed after the taxing authority had filed its plea to the court's jurisdiction. Regardless, in exercising the discretion vested by rule 174, the court was entitled to determine, particularly in the interest of avoiding delay, the taxing authority's plea to the jurisdiction and motion to dismiss, by which the viability of the Fergusons' action was challenged, before it acted on their motion to consolidate. Once the court granted the plea and motion and dismissed the Fergusons' action, their motion to consolidate became moot. Thus, guided by the applicable rules and statutes, the court did not abuse its discretion in not consolidating the actions. The third point of error is overruled.

The judgment of dismissal is affirmed.

---

**3.** The transcript, as we pointed out in connection with the dismissal of the purported appeal mentioned in marginal note 2, was assembled in disregard of the dictates of Rule 51, Texas Rules of Appellate Procedure, and orders issued pursuant thereto.