HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellants,

v.

DIPAOLA REALTY ASSOCIATES, L.P., Appellee.

No. 01–92–00206–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 22, 1992.

Rehearing Denied Dec. 17, 1992.

Robert P. McConnell, Houston, for appellant.

Nancy Hesse Hamren, Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

This is an ad valorem tax case in which appellee, Dipaola Realty Associates, L.P. ("Dipaola"), sought judicial review of the orders of appellant, Harris County Appraisal Review Board ("the Board"), determining the market value as of January 1, 1990 and 1991 of three real properties owned by Dipaola. Following a trial to the court on the stipulations of the parties, the court entered judgment for Dipaola. The Board appeals only the portion of the judgment for the 1990 tax year. We reverse and render.

The facts are undisputed. Dipaola owned three real properties, valued on January 1, 1990, at $335,000, $105,220, and $200,000, respectively. Harris County, the City of Houston, and the Houston Independent School District assessed taxes for 1990 on the three properties. On November 5, 1990, Dipaola filed its petition for review of the valuations.

Dipaola's 1990 taxes fell due on January 31, 1991. Dipaola failed to pay the taxes on or before that date, and the taxes became delinquent on February 1, 1991. Dipaola paid its 1990 taxes to Harris County and the City of Houston on May 31, 1991, and to Houston Independent School District on November 14, 1991. Thus, this case presents a situation where no portion of the taxes owed was paid on time, although the taxes were ultimately paid in total.

On December 4, 1991, the Board filed a motion to dismiss Dipaola's petition based on Dipaola's failure to pay its 1990 taxes in a timely fashion. In its sole point of error, the Board contends that the trial court erred in not granting the motion.

Texas courts of appeals have considered fact scenarios similar to the one presented here on three previous occasions. In *Harris County Appraisal Dist. v. Consolidated Capital Properties IV*, 795 S.W.2d 39 (Tex.App.—Amarillo 1990, writ denied) (*"Consolidated"*), the parties stipulated that Consolidated Capital did not pay any taxes until after the delinquency date. *Id.* at 40. The appraisal district moved to dismiss Consolidated Capital's petition, but the trial court denied the motion. *Id.* The Amarillo court considered section 42.08 of the Texas Tax Code, the current version of which is substantially the same as the version before that court and which reads in pertinent part as follows:

(a) *The pendency of an appeal as provided by this chapter does not affect the delinquency date for the taxes on the property subject to the appeal.* However, that delinquency date applies only to the amount of taxes required to be paid under Subsection (b). If the property owner complies with Subsection (b), the delinquency date for any additional amount of taxes due on the property is determined by Section 42.42(c), and that additional amount is not delinquent before that date.

(b) *A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal.* The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or

(2) the amount of taxes due on the property under the order from which the appeal is taken.

(c) A property owner that pays the amount of taxes greater than that required by Subsection (b) does not forfeit the property owner's right to a final determination of the appeal by making the payment. If the property owner files a timely appeal under this chapter, taxes paid on the property are considered paid under protest, even if paid before the appeal is filed.

(d) On the motion of a party, the court shall hold a hearing to review and determine compliance with this section. *If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.* If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

TEX.TAX CODE ANN. § 42.08 (Vernon 1992) (entitled "Forfeiture of Remedy for Nonpayment of Taxes") (emphasis added).

The *Consolidated* court concluded that:

A mandatory time requirement is not reasonably susceptible to substantial compliance review. In the instant case, payment was not made on time. Either the time requirement is complied with or it is not. We are not persuaded that paying after the tax delinquency deadline is substantial compliance because any forgiveness will eventually lead to a complete obliteration of the time requirement.

*Consolidated,* 795 S.W.2d at 41. The court reversed the trial court's judgment and rendered judgment that Consolidated Capital's action be dismissed. *Id.*

In *Ferguson v. Chillicothe Indep. School Dist.,* 798 S.W.2d 395 (Amarillo 1990, writ denied) ("*Ferguson*"), the Amarillo court again considered the issue. The Fergusons failed to pay any taxes before the delinquency date. *Id.* at 396. The taxing authority moved to dismiss the Fer-

gusons' petition, and the trial court granted the motion. *Id.*

The Amarillo court wrote:

It is at once obvious that the Fergusons did not comply with the section 42.08(b) mandate for payment of taxes before the delinquency date, because they did not pay any taxes for the tax years 1985 and 1986 before they became delinquent ... It is equally obvious that the Fergusons could not then transform their late payment into a timely one. Accordingly, the court, necessarily aware that, by operation of section 42.08(b), they had forfeited their right to proceed to a final determination, dismissed their action as required by section 42.08(d).

*Id.* at 397–98. The court affirmed the trial court's judgment of dismissal. *Id.* at 399.

In *Filmstrips & Slides, Inc. v. Dallas Cent. Appraisal Dist.,* 806 S.W.2d 289 (Tex.App.—Dallas 1991, no writ) ("*Filmstrips*"), the property owner failed to pay any of the taxes owed and the trial court granted the taxing authority's motion to dismiss. *Id.* at 290. The Dallas court, considering section 42.08, wrote as follows:

[I]n statutory construction, it is assumed that the ordinary meaning of the words used expresses the legislative intent. The ordinary meaning of "shall" or "must" is a mandatory effect. Particularly, "must" is given a mandatory meaning when followed by a noncompliance penalty such as forfeiture. In the present case, Filmstrips "must" pay before [the delinquency date] or "forfeit" the appeal. In the present case, payment was not made on time. Either the time requirement is complied with or it is not.... It follows that "must pay taxes on the property ... before the delinquency date" is mandatory. It follows that "the court shall dismiss the pending action" is mandatory.

*Id.* at 291 (citations omitted). The court agreed with the *Consolidated* court that paying the taxes after the delinquency date would not suffice because any degree of forgiveness would ultimately lead to the practical demise of the statute's time requirement. *Id.* The court affirmed the

trial court's dismissal of Filmstrips' petition. *Id.*

We agree with the holdings of *Consolidated, Ferguson,* and *Filmstrips.* Here, although Dipaola paid the full amount of the taxes it owed, this payment was made after the delinquency date. No portion was paid before that date. In this situation, there was no substantial compliance, and the trial court should have dismissed Dipaola's petition pursuant to section 42.-08(d).

Both in its brief and in oral argument, Dipaola pointed out facts which indicate that its failure to pay the taxes in a timely fashion was accidental and not in bad faith. It also stressed that it did ultimately pay the taxes. We note, however, that the cause of the payment being late is not part of the statutory inquiry. Tex.Tax Code Ann. § 42.08 (Vernon 1992). Any exception for accidental failure to timely pay or for good faith will eventually lead to the defeat of the legislature's intent that there be a time requirement. *See Consolidated,* 795 S.W.2d at 41; *Filmstrips,* 806 S.W.2d at 291.

Dipaola, like the Fergusons in their case, relies on *Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.,* 732 S.W.2d 717 (Tex.App.—Dallas 1987, no writ). The *Ferguson* court found that case to be inapplicable:

> In that cause, the appellate court found that the railroad's underpayment by two and one-half percent of the taxes owed to one of nine taxing entities, after having timely paid more than it was statutorily required to pay all taxing entities, was a substantial compliance with the payment statute. [*Missouri Pac.*] at 720–21. Here, to the contrary, the issue is not the amount of payment, but the time of payment, and the Fergusons did not make a timely payment of any taxes for 1985 and 1986.

*Ferguson,* 798 S.W.2d at 398.

We agree with the *Ferguson* court's reasoning. Applying that reasoning here, we observe that Dipaola, like the Fergusons, made no timely payment of the taxes it owed. Although Dipaola ultimately paid

the taxes, as did the Fergusons, *Id.* at 397, the issue is the *timeliness* of that payment, not whether the payment was of an amount sufficient for us to find substantial compliance with that part of section 42.08 which states only that the property owner must pay the taxes and does not address timeliness (which is addressed shortly thereafter). The *amount* of Dipaola's payment is irrelevant here, since none of its payment was made in a timely fashion. Because the issue here is timeliness, not whether the amount ultimately paid was close enough to the total amount owed to constitute substantial compliance, we find *Missouri Pacific* inapplicable.

Dipaola also contends that this case should be controlled by our opinion in *Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership,* 787 S.W.2d 513 (Tex.App.—Houston [1st Dist.] 1990, no writ) (*"Krupp"*). The Board requests that we "re-examine and overrule *Krupp.*" We find *Krupp* to be off point with this case and decline to overrule it.

In *Krupp,* the taxpayer *paid* all of the taxes it owed various taxing authorities *before the delinquency date* except one payment to a school district (which was paid in full within two and one-half months of the due date and 17 months before the Appraisal District's motion to dismiss was filed). *Id.* at 514, 515. We held that the evidence was sufficient to support the trial court's finding of substantial compliance. *Id.* at 515.

The instant case, however, is far different. Rather than paying all of its taxes except a single payment in a timely fashion, Dipaola paid *no* amount of the taxes it owed on time. Where all tax payments except one are made timely, then substantial compliance is at least possible. Those cases should be determined on a case by case basis, depending in part on the size of the amount paid timely, the size of the amount left unpaid by the delinquency date, and the promptness of the late payment. Here, however, where *no* tax money was timely paid, a finding of substantial compliance is not appropriate. We believe that *Krupp* was correctly decided in its

circumstances, but that it does not apply here.

We sustain the Board's point of error. Accordingly, we reverse the trial court's judgment and render judgment that Dipaola's action be dismissed.