HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellants,

v.

BRADFORD REALTY, LTD., Appellee.

No. 14–93–01152–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1994.

Robert P. McConnell, Houston, for appellants.

Irving C. Stern and Randall P. Crump, Houston, for appellees.

Before ROBERTSON, CANNON and LEE, JJ.

## OPINION

LEE, Justice.

This is a property tax case. Appellants, Harris County Appraisal District and Harris County Appraisal Review Board, appeal a judgment in favor of Bradford Realty, Ltd. (Bradford). Appellants bring two points of error asserting Bradford's 1988 property appraisal was improperly reduced. Bradford brings five cross points contending the property was incorrectly appraised for 1988 and 1989. We reverse and remand.

On December 31, 1986, Bradford purchased an industrial facility for $2.2 million. The appraisal district valued the property for tax year 1987 at approximately $7.2 million. Bradford protested the appraisal to the review board, which reduced the appraisal to approximately $4.5 million. Bradford timely filed notice of appeal with the review board and filed suit in district court. While the 1987 suit was pending, appellants appraised the property for tax years 1988 and 1989. For 1988, the property was again appraised at approximately $4.5 million. For 1989, the appraisal was reduced to approximately $3.5 million. Bradford amended its lawsuit to include the 1988 and 1989 valuations to its appeal. Prior to trial, the parties agreed to a $2.5 million appraisal for the 1987 tax year.

Appellants filed a plea to the jurisdiction contending that Bradford had not exhausted its administrative remedies for tax years

1988 and 1989. Appellants also filed a motion to dismiss, contending Bradford had forfeited its right to appeal because it had not paid the undisputed portion of its 1988 and 1989 taxes to the three affected taxing units: Spring Independent School District (Spring ISD), Harris County Municipal Utility District # 36 (MUD # 36) and Harris County. *See* TEX. TAX CODE ANN. § 42.08 (Vernon 1992). After a trial to the court on stipulated facts, the court overruled appellants' plea to the jurisdiction and partially granted the motion to dismiss. The court dismissed the 1989 appeal because Bradford had not substantially complied with § 42.08. The court also precipitously dismissed Spring ISD and MUD # 36 from the 1988 appeal and reduced the Harris County 1988 appraised value to $2.4 million.

■ In their first point of error, appellants contend that Bradford failed to exhaust its administrative remedies for tax years 1988 and 1989. Bradford counters that amending its preexisting suit gave appellants sufficient notice of its intent to protest the 1988 and 1989 valuations. The parties stipulated Bradford had complied with the administrative prerequisites for tax year 1987.

Property is generally appraised for tax purposes by the appraisal district as of January 1. TEX. TAX CODE ANN. § 23.01 (Vernon 1992); *Beck & Masten Pontiac–GMC v. Harris County Appraisal Dist.,* 830 S.W.2d 291, 292 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Once the appraisal is complete, the appraisal district delivers to the taxpayer notice of the property's appraised value. A taxpayer must file a notice of protest of the appraisal with the appraisal review board within thirty (30) days after receiving the appraisal district's notice. TEX. TAX CODE ANN. § 41.44(a) (Vernon 1992). If a notice of protest is timely filed, the appraisal review board must schedule a hearing on the protest. The property owner is entitled to an opportunity to appear and offer evidence or the property owner may offer evidence by affidavit. TEX. TAX CODE ANN. § 41.45 (Vernon 1992). A property owner may appeal the appraisal review board's determination by filing a petition for review with a district court within forty-five (45) days of receiving notice that a final order has been entered. TEX. TAX CODE ANN. § 42.21 (Vernon 1992). A notice of protest is sufficient if it identifies the property, identifies the property owner who is protesting, and indicates that the property owner is dissatisfied with the appraisal district's determination. TEX. TAX CODE ANN. § 41.44(d) (Vernon 1992); *Estepp v. Miller,* 731 S.W.2d 677, 680 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

Appellants cite *Atascosa County Appraisal District v. Tymrak,* 858 S.W.2d 335 (Tex. 1993), as authority that Bradford was required to complete these administrative procedures for tax years 1988 and 1989. In *Tymrak,* the taxpayer appealed the appraisal review board's property valuation for four tax years. Before trial, the parties settled on a valuation of the property, but they did not settle the amount of attorney's fees the taxpayer was entitled to recover under § 42.29 of the Tax Code. When the case went to trial, § 42.29 [1] authorized the trial court to award a prevailing taxpayer up to $5,000 in attorney's fees per "appeal." The trial court determined that each tax year constituted a separate "appeal" and awarded the taxpayer $20,000 in attorney's fees. On appeal, the only question before the supreme court was whether "appeal" limited the taxpayer's recovery to $5,000 for all the tax years. The supreme court reviewed the various steps required to bring an appeal to the district court and held that an "appeal," for purposes of § 42.29 of the Tax Code, concerns only one tax year. Thus, the supreme court affirmed the district court's holding that the taxpayer should be allowed to recover $20,000. *Atascosa County Appraisal District v. Tymrak,* 858 S.W.2d 335, 337 (Tex. 1993); *see also* TEX. TAX CODE ANN. § 42.29 (Vernon 1992).

1. *Amended by* Acts 1991, 72nd Leg., ch. 836, § 4.1 (effective September 1, 1991). Section 42.29 now allows the trial court to award in reasonable attorney's fees the greater of $15,000 or 20 percent of the total amount by which the property owner's tax liability is reduced. The award of attorney's fees may not exceed the total amount that the taxpayer tax liability is reduced. TEX. TAX CODE ANN. § 42.29 (Vernon 1992).

Appellants, in the instant case, argue that the steps reviewed by the court in *Tymrak* were required to be followed before Bradford could bring its appeal.[2] To the contrary, Bradford cites *Estepp v. Miller*, 731 S.W.2d 677 (Tex.App.—Austin 1987, writ ref'd n.r.e.), in which the taxpayer, Miller, completed all the administrative procedures and filed suit in district court for the 1984 appraisal of his property. In 1985, while his appeal was pending, Miller received his tax bill which reflected the same value as the 1984 appraisal. He simply amended his 1984 suit to include the 1985 appraisal. The court of appeals held that the suit challenging the initial appraisal put the appraisal board and appraisal district on notice that Miller also disputed the application of that appraisal to subsequent years.

The facts in the instant case are nearly identical to the facts in *Estepp*. Bradford's suit was pending when the 1988 and 1989 appraisals were issued. Appellants appraised the property for 1988 at the same value as 1987. For 1989, appellants reduced the appraisal by approximately $1 million. Appellants were clearly aware that Bradford was dissatisfied with the appraisals. Because the amended petition sufficiently identifies the property, the property owner, and the owner's dissatisfaction, we, like the Austin Court of Appeals in *Estepp*, hold that appellants had the required notice of Bradford's protest. TEX. TAX CODE ANN. § 41.44 (Vernon 1992). The supreme court was dealing with a different question in *Tymrak*. Appellants' reliance on that case is misplaced, and their first point of error is overruled.

█ In their second point of error, appellants argue that the 1988 appraised value was incorrectly reduced as to Harris County.

The trial court found that the 1988 undisputed taxes were timely paid to Harris County while Spring ISD and MUD # 36 were not timely paid. The trial court also determined the 1988 appraised value as to only Harris County would be $2.4 million. Appellants contend that the trial court's determination violates the Texas constitution because the property is appraised with two different values.

The constitution requires the legislature to provide for a single tax appraisal of property. TEX. CONST. Art. VIII, § 18(b). By enacting the Property Tax Code,[3] the legislature has fulfilled this constitutional mandate. *Wilson v. Galveston County Cent. Appraisal Dist.*, 713 S.W.2d 98, 101 (Tex.1986). The Property Tax Code established appraisal districts in each county and charged these districts with the responsibility for appraising property within the district. The purpose of each district is to place a single value on each piece of taxed property located within the district. *See* TEX. TAX CODE ANN. § 6.01 (Vernon 1992). It is this appraisal that may be appealed by the property owner to the district court. TEX. TAX CODE ANN. § 42.01 (Vernon 1992). The taxing units are bound by the appraisal determined at the conclusion of the appellate process. TEX. TAX CODE ANN. §§ 42.25, 42.26 (Vernon 1992). In the instant case, the trial court's judgment resulted in an appraisal for the 1988 tax year of approximately $4.5 million being used by Spring ISD and MUD # 36 while an appraisal of $2.5 million was used by Harris County. The trial court erroneously assessed the property with two different appraisals. Appellants first contention in their second point of error is sustained.

---

**2.** In their brief, appellants quote *Tymrak* at length. The following most clearly supports their contention that Bradford did not exhaust its administrative remedies:

> The taxpayer must complete these steps for each year that it desires to challenge the valuation because the completion of all the administrative requirements, the filing of a timely petition in the trial court, and the prosecution of the lawsuit to its final disposition affects only the appraised value of the property for that one tax year. Unless a property owner repeats this

almost yearlong administrative process and files another petition in a separate lawsuit or *files an amended petition in a pending lawsuit filed appealing from an appraisal review board order issued in a previous year*, the taxpayer loses its right to litigate the appraised value for the subsequent year.

*Tymrak*, 858 S.W.2d at 337 (emphasis added).

**3.** The Property Tax Code is chapters 1 through 43 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 1.01 (Vernon 1992).

■ Appellants further contend that Bradford has forfeited its right to appeal because it did not comply with Tax Code § 42.08. Section 42.08 requires a property owner who appeals an appraisal to pay the greater of the undisputed tax amount or the tax imposed in the preceding year. TEX. TAX CODE ANN. § 42.08(b) (Vernon 1992). Bradford admits that it paid all 1989 taxes after their due dates. A complete failure to timely pay any tax unit as is required under Tax Code § 42.08 results in forfeiture of the right to appeal. Because Bradford did not comply with § 42.08, it is bound by the appraisal district and appraisal review board's 1989 valuation of the property. *Harris County Appraisal Dist. v. Dipaola Realty Assoc.,* 841 S.W.2d 487, 490 (Tex.App.—Houston [1st Dist.] 1992, writ denied). *See also* TEX. TAX CODE ANN. § 42.08(b) (Vernon 1992).

■ The trial court found that Harris County was timely paid for the 1988 tax year while Spring ISD and MUD # 36 were not. Taxpayers must "substantially comply" with the requirement to pay undisputed taxes or forfeit their right to appeal. TEX. TAX CODE ANN. § 42.08(d) (Vernon 1992); *Lawler v. Tarrant Appraisal Dist.,* 855 S.W.2d 269, 271 (Tex.App.—Fort Worth 1993, no writ). "Substantial compliance" has been defined to mean performance of the essential requirements of a statute. A deviation from the requirements of the statute which does not seriously hinder the legislature's purpose in imposing the requirement is "substantial compliance." *Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership,* 787 S.W.2d 513, 515 (Tex.App.—Houston [1st Dist.] 1990, no writ). In *Krupp,* the court indicated there were two purposes behind § 42.08:

1. to insure that taxpayers would not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax, and

2. to assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review.

*Krupp,* 787 S.W.2d at 515 (quoting *Missouri Pac. R.R. v. Dallas County Appraisal Dist.,*

732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ)). Each case is to be determined on a case by case basis. Whether the taxpayer substantially complied will depend on various factors such the amount paid timely, the amount left unpaid by the delinquency date, and the promptness of the late payment. *Dipaola,* 841 S.W.2d at 490.

By timely paying Harris County, Bradford at least partially complied. Other courts of appeals have held that an appealing taxpayer substantially complied even though the taxpayer paid some of the affected taxing units after the undisputed taxes became delinquent. *See Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership,* 787 S.W.2d 513, 515 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Missouri Pac. R.R. v. Dallas County Appraisal Dist.,* 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ). In order for "substantial compliance" to have any meaning, we must reject appellants' contention that Bradford has forfeited its right to appeal because it did not timely pay Spring ISD and MUD # 36. *See Dipaola,* 841 S.W.2d at 490. Appellants' second contention in their second point of error is overruled.

Whether Bradford substantially complied with the Tax Code requirement or forfeited its right to appeal because it was delinquent in paying the undisputed taxes is a factual matter to be determined by the court. TEX. TAX CODE ANN. § 42.08(d) (Vernon 1992). The district court below did not determine whether Bradford substantially complied with the requirements of § 42.08 for the 1988 tax year. Therefore, we must reverse for that express purpose. We do not need to address Bradford's five cross points.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.