**JACKSON HOTEL CORPORATION,**
Appellant,

v.

**WICHITA COUNTY APPRAISAL
DISTRICT, Appellee.**

No. 2–97–112–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 22, 1998.

Geary, Porter & Donovan, David Kaplan, Dallas, for Appellant.

Hank Anderson, Wichita Falls, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

DAY, Justice.

This is an appeal from the trial court's order dismissing a property owner's lawsuit challenging an unfavorable property appraisal. This appeal does not concern the merits of the underlying case; rather, it involves only the threshold issue of whether the property owner's motion to determine whether it substantially complied with a provision of the tax code was untimely as a matter of law because it was filed after the delinquency date for payment of taxes. Because we hold that a property owner is not required to file its motion to determine substantial compliance before the tax delinquency date, we reverse and remand the trial court's order of dismissal.

## I. BACKGROUND

The facts in this case are primarily undisputed. Appellant Jackson Hotel Corporation ("Jackson") owned the Wichita Falls Ramada Inn. For tax year 1995, the Wichita County Appraisal District ("District") set the appraised property value of the hotel's real and personal property at $5,619,080. Based on this appraisal, Jackson owed $133,219.96 in taxes, which would become delinquent after February 1, 1995. TEX. TAX CODE ANN. § 31.02(a) (Vernon 1992).

Jackson timely filed a protest with the Wichita County Appraisal Review Board ("Board") to challenge the District's evaluation of the property. The Board denied Jackson's protest and sustained the District's assessment. On August 16, 1994, Jackson filed for de novo review of the Board's decision in district court, contending that the District appraised the value of the property in an amount in excess of the appraised value required by law. The District responded by filing a general denial.

While this suit was pending, the February 1, 1995 delinquency date passed with no payment from Jackson. One week after the delinquency date, Jackson sold the property to a new owner and made provisions to pay the taxes at closing. On February 16, 1995—a little more than two weeks after the delinquency date—Jackson paid the total amount of taxes owed, including $9,325.40 in penalties and interest.

At some point after the late payment, the District apparently alleged that pursuant to the forfeiture provision in section 42.08 of the tax code, Jackson had forfeited its right to appeal the property appraisal by failing to timely pay taxes. *Id.* § 42.08(b) (Vernon Supp.1998).[1] Although two courts of appeals had held that section 42.08's forfeiture provision violated the open courts provision of the Texas Constitution, at that time the Supreme Court of Texas had not yet ruled on the issue. As a result, the parties agreed to abate the appeal until after the supreme court rendered its decision in *Central Appraisal Dist. v. Lall,* 924 S.W.2d 686 (Tex. 1996), a pending case that would ultimately decide the constitutionality of section 42.08. On June 14, 1996, the Texas Supreme Court issued an opinion striking down one portion of the forfeiture provision but upholding the

---

1. At the time that Jackson's taxes were due, section 42.08(b) provided that:

A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or

(2) the amount of taxes due on the property under the order from which the appeal is taken.

Act of May 24, 1995, 74th Leg., R.S., ch. 579 § 12, 1995 Tex. Gen. Laws 3374, 3377 (amended 1997) (current version at TEX. TAX CODE ANN. § 42.08(b) (Vernon Supp.1998)).

remainder.[2] *Id.* at 690.

Shortly after the supreme court issued its decision, the District filed a motion to dismiss Jackson's appeal. Relying on *Lall*, the District argued that because Jackson had failed to pay *any* 1994 taxes before the delinquency date, it had forfeited its right to appeal the unfavorable property appraisal. Jackson responded by filing an oath of inability to pay 1994 property taxes, alleging that it had been financially unable to pay the taxes prior to the delinquency date. TEX. TAX CODE ANN. § 42.08(d) (Vernon Supp.1998). Jackson also filed a motion for the trial court to determine whether it had substantially complied with the requirements of section 42.08 and thus preserved its right to appeal. *Id.*

On March 6, 1997, the trial court entered an order denying Jackson's motion to determine substantial compliance and granting the District's motion to dismiss. In its findings of fact and conclusions of law, the trial court concluded that because Jackson did not pay property taxes until after the February 1, 1995 delinquency date and did not file its oath of inability to pay 1994 taxes before the delinquency date, Jackson had not complied with the requirements in section 42.08 to preserve its right to appeal. In addition, the trial court concluded that because Jackson's motion to determine whether it had substantially complied with section 42.08 was not filed with the court until after the delinquency date for taxes, it was untimely as a matter of law. As a result, the trial court granted the District's motion to dismiss without addressing the merits of Jackson's motion to determine substantial compliance.

On appeal, Jackson brings two points. First, it contends that the trial court erred in concluding as a matter of law that Jackson was required to file its motion to determine substantial compliance before the February 1, 1995 delinquency date. Second, Jackson argues that the trial court erred in concluding that Jackson's motion to determine sub-stantial compliance was untimely as a matter of law because it was filed after the February 1, 1995 delinquency date.

In a single cross point, the District contends that pursuant to the forfeiture provision in section 42.08(b), we have no jurisdiction in this matter because Jackson forfeited its right to appeal by failing to pay taxes or file an oath of inability to pay before the delinquency date.

## II. MOTION TO DETERMINE SUBSTANTIAL COMPLIANCE

The central issue in this case is whether the trial court correctly interpreted section 42.08 of the tax code, i.e., whether the legislature intended for a property owner to file its motion to determine whether it had substantially complied with the statutory provisions of section 42.08 before the delinquency date for taxes.[3] Because the express language of section 42.08 does not set a specific time for a property owner to file its motion to determine substantial compliance, any intent by the legislature to require the motion to be filed before the delinquency date must be inferred from the statute as a whole.

### A. Standard of Review

Statutory construction is a question of law for the reviewing court. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989); *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 191 (Tex.App.—Fort Worth 1995, writ denied). The court's primary objective in construing a statute is to ascertain the legislature's intent and to give effect to that intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994); *Holmans*, 914 S.W.2d at 191. In determining the meaning of a statute, a court must consider the entire act, its legislative history, and the nature and object to be obtained. *See Sharp*

---

2. The *Lall* decision is discussed in greater detail, *infra* at Part II.C.

3. Although the District agrees with Jackson that the trial court erred in holding that Jackson's motion was untimely as a matter of law, the parties to a suit cannot concede a question of law necessary to the proper disposition of a point on appeal. *See Haas v. Voigt*, 940 S.W.2d 198, 203 (Tex.App.—San Antonio 1996, writ denied). As a result, we must reach our own decision in this matter.

*v. House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex.1991); *Holmans,* 914 S.W.2d at 191; *In re J.L.W.,* 919 S.W.2d 841, 843 (Tex.App.—El Paso 1996, no writ). The court must also consider the consequences that would follow from alternative constructions of the statute and avoid absurd results. *See Sharp,* 815 S.W.2d at 249; *Glasscock Underground Water Conservation Dist. v. Pruit,* 915 S.W.2d 577, 581 (Tex.App.—El Paso 1996, no writ). Finally, we must reject interpretations of a statute that defeat the purpose of the legislation so long as another reasonable interpretation exists. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 663 (Tex.1996); *Citizens Bank v. First State Bank,* 580 S.W.2d 344, 347–48 (Tex.1979).

■■■ Taxing statutes are construed strictly against the taxing authority and liberally for the taxpayer. *See Wilson Communications, Inc. v. Calvert,* 450 S.W.2d 842, 844 (Tex.1970); *Dallas Cent. Appraisal Dist. v. Tech Data Corp.,* 930 S.W.2d 119, 122 (Tex.App.—Dallas 1996, writ denied). Furthermore, where a statute is designed to relieve a property owner from the harshness of a forfeiture law, it should be liberally construed to accomplish that purpose. *See Freels v. Walker,* 120 Tex. 291, 26 S.W.2d 627, 629 (1930); *Jim Walter Homes, Inc. v. Gibbens,* 608 S.W.2d 706, 711 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.).

### B. The Law

Under section 42.08, a property owner must pay taxes in the manner prescribed or forfeit the right to proceed to a final determination of its appeal of the appraisal board's decision. *See* TEX. TAX CODE ANN. § 42.08(b). However, subsection (d) provides an exception to this otherwise harsh rule. Under this exception, a property owner may file a motion to determine whether it has substantially complied with the requirements of section 42.08. *See id.* § 42.08(d). Section 42.08 directs the trial court that after the property owner files this motion, the court "shall hold a hearing to review and determine compliance with this section ... set[ting] such terms and conditions on any grant of relief as may be reasonably required by the circumstances." *Id.* After a hearing, if the trial

court finds that the taxpayer substantially complied, the taxpayer may preserve its right to appeal by fully complying with the trial court's conditions and terms within 30 days of the decision. *See id.* If, on the other hand, the trial court determines that the taxpayer has not substantially complied, the property owner's action must be dismissed. *See id.*

### C. Legislative Intent

Before May 1985, section 42.08(b) required the trial court, either on its own motion or that of an opposing party, to dismiss a property owner's appeal of an appraisal if the property owner had not paid its taxes before the delinquency date. Act of May 26, 1983, 68 th Leg., R.S., ch. 910, § 1, 1983 Tex. Gen. Laws 5049, 5049, *amended by* Act of May 9, 1985, 69 th Leg., R.S., ch. 195, § 1, 1985 Tex. Gen. Laws 782, 782. As a result, a property owner that failed to *fully* comply with section 42.08's requirements automatically forfeited its right to appeal, notwithstanding the fact that it had *substantially* complied with the statutory language. *See id.* Any shortfall in the amount or tardiness in its payment of taxes was fatal to the property owner's suit. *See, e.g., Hunt County Tax Appraisal Dist. v. Rubbermaid, Inc.,* 719 S.W.2d 215, 219 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (stating that failure to follow statute would have been fatal to the property owner's appeal).

In 1985, however, the Texas Legislature amended section 42.08. Act of May 9, 1985, 69 th Leg., R.S., ch. 195, § 1, 1985 Tex. Gen. Laws 782, 782, *amended by* Act of May 28, 1989, 71 st Leg., R.S., ch. 796, § 43, 1989 Tex. Gen. Laws 3591, 3604 (amended 1995 and 1997) (current version at TEX. TAX CODE ANN. § 42.08 (Vernon 1992 & Supp.1998)). The amendment made two notable changes in the language and effect of section 42.08. First, it deleted the language directing the trial court to automatically dismiss a property owner's suit for failing to pay taxes in accord with section 42.08. *Id.* Second, the 1985 amendment added the following language:

> On the motion of a party, the court shall hold a hearing to review and determine compliance with this section. If the court

determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

*Id.* § 42.08(d).

■ By deleting the automatic dismissal requirement and inserting a "substantial compliance" exception, the legislature clearly intended for the 1985 amendment to mitigate the harsh effect of section 42.08's forfeiture provision. No longer does a property owner's failure to fully comply with the tax payment requirements in section 42.08 result in *mandatory* dismissal of the property owner's appeal. Instead, a property owner that has substantially complied with the terms of section 42.08 has an opportunity to "cure" any defect in its previous performance by timely complying with the court's order. As a result, a property owner that has failed to timely pay its taxes in full may still preserve its right to appeal, notwithstanding its previous delinquencies.

■ Furthermore, as a practical matter, an opposing party's motion to dismiss the property's owner's appeal for failure to timely pay taxes will never be filed until *after* the delinquency date for filing taxes has passed; as long as the delinquency date has not passed, the property owner still has time to fully comply with the requirements of section 42.08. Consequently, a property owner will seldom (if ever) have reason to file a motion to determine whether it has *substantially* complied with section 42.08 until after the date for *fully* complying, i.e., the delinquency date, has passed. Thus, for the "substantial compliance" exception to have any effect on the property owner's right to appeal, the legislature must have intended for it to apply at a time when it would be meaningful-i.e.,

after the delinquency date had passed and the property owner no longer had an opportunity to *fully* comply with the requirements of section 42.08.

Our conclusion that Jackson's motion was *not required* to be filed before the delinquency date is also supported by two recent decisions from the Texas Supreme Court. The first decision,*Central Appraisal Dist. v. Lall,* was a consolidated appeal of two cases challenging the constitutionality of section 42.08's forfeiture provision.[4] 924 S.W.2d 686 (Tex. 1996). In *Lall,* the supreme court struck down the second prong of the forfeiture provision in subsection (b)(1), holding that it constituted an unreasonable financial barrier to the parties' access to the courts because it could require property owners to pay taxes that were in dispute as a condition for judicial review. *Id.* at 691–92. However, the court upheld the remainder of the forfeiture statute, concluding that in light of the important interest that local governments have in a steady revenue stream, it was reasonable to require a solvent taxpayer to pay taxes that were admittedly due before challenging the disputed portion. *Id.* at 689. As a result, the court held that both property owners in that case were required to pay the amount due on the taxable value of the property that was not in dispute. *Id.* at 692.

Nevertheless, the court's findings on this issue did not end the property owners' appeal. The supreme court remanded both cases, noting that although one of the parties had paid no taxes prior to the delinquency date and the other had paid only a portion of the taxes owed before the delinquency date, the issue of substantial compliance remained unanswered. *Id.* The court stated:

> Although the relevant delinquency date for both taxpayers has passed, we note that the trial courts have the discretion, in determining compliance with section 42.08, to "set such terms and conditions on any grant of relief as may be reasonably required by the circumstances." The trial courts should determine in the first in-

---

4. See footnote one for the language of section 42.08(b) as it existed at the time of the *Lall* decision. After *Lall,* the Texas Legislature amended the statute to require that a taxpayer pay the *lesser* of (1) the amount of taxes due on

the portion of the taxable value of the property that is not in dispute, or (2) the amount of taxes due on the property under the order from which the appeal is taken. TEX. TAX CODE ANN. § 42.08(b) (Vernon Supp.1998).

stance, if presented with a proper motion of a party, whether any special terms and conditions should be imposed under the circumstances of these cases.

*Id.* at 692–93 (citations omitted).

Several weeks after the *Lall* decision, another taxpayer challenged the constitutionality of section 42.08(b) in *Harris County Appraisal Dist. v. Herrin,* 924 S.W.2d 154 (Tex. 1996). Relying on its holding in *Lall,* the supreme court noted that the taxpayer was required to pay any undisputed taxes owed on his property before the delinquency date. Furthermore, because the parties had stipulated that the taxpayer failed to pay any taxes prior to that date, the court held that the taxpayer had forfeited his right to maintain his suit in district court. Nevertheless, the court explained that a possibility remained open to the taxpayer to pursue his appeal:

> [I]n *Lall* and *W.V. Grant,* we remanded to the trial court for it to determine whether the parties had complied with section 42.08 as modified. We noted that trial courts, in making this determination, have discretion to " 'set such terms and conditions on any grant of relief as may be reasonably required by the circumstances.' " Consistent with that opinion, we likewise remand this case to the trial court to determine, if a party moves for it to do so, whether any special terms and conditions should be imposed under the circumstances.

*Id.* at 155 (citations omitted).

In each of these cases, it was undisputed that the property owners had not fully complied with the requirements of section 42.08. However, even though the delinquency dates for those property owners to pay taxes had passed two and three years prior to the parties' respective appeals, the supreme court nevertheless stated that each of the taxpayers could still file a motion to determine whether they had substantially complied with the provisions of section 42.08, as modified. We thus conclude from these decisions that section 42.08 does not require a property owner's motion to determine substantial compliance to be filed by the delinquency date for taxes. If this was not the clear intent of the legislature, the *Lall* and

*Herrin* courts would undoubtedly have rendered judgment against the property owners rather than remanding their cases to the trial court.

Finally, we note that any other construction of this statute would be ineffective to relieve the otherwise harsh result of section 42.08's forfeiture provision, and thus would defeat the obvious purpose and intent of the legislature in adding the substantial compliance exception to the statute. Because the legislature never intended to require a property owner's motion to determine substantial compliance under section 42.08 to be filed before the relevant delinquency date for payment of taxes, the trial court erred in concluding that Jackson's motion was untimely because it was not filed by the delinquency date. Accordingly, we sustain Jackson's first and second points.

## III. TAXPAYER'S RIGHT TO APPEAL

■ Although the District concedes that the trial court erred in concluding that Jackson's motion was untimely, it nonetheless contends that the error was harmless because the trial court correctly found that Jackson's oath of inability to pay 1994 taxes was untimely filed. In both parties' briefs and at oral argument, the fact that Jackson did not file its oath of inability to pay taxes until two years after the delinquency date was a focal point that appeared dispositive of this case. However, as Jackson correctly points out in a well-drafted letter brief, at the time that its 1994 taxes became delinquent, the Texas Legislature had not enacted the provision for filing an oath of inability to pay that now appears in section 42.08. This provision was not added until the 74th legislative session and did not become effective until January 1, 1996—almost a year after the delinquency date in issue. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 579, § 12, 1995 Tex. Gen. Laws 3374, 3377. Despite the arguments of both parties and the trial court's findings on this issue, the reality is that Jackson could hardly be expected to comply with a statutory provision that did not exist at the time of the relevant delinquency date. For this reason, we find that the untimeliness of Jackson's oath of inability

to pay is irrelevant and the District's contentions on this matter are incorrect.

## IV. APPELLATE JURISDICTION

■ Finally, in a single cross point, the District contends that pursuant to section 42.08(a), we have no jurisdiction in this matter because Jackson forfeited its right to appeal the District's unfavorable appraisal by failing to comply with the statutory requirements of section 42.08. However, the forfeiture provision in section 42.08 applies only to a property owner's right to appeal *on the merits* of its suit. Thus, if Jackson did not fully or substantially comply with the requirements of section 42.08, we have no jurisdiction to consider the merits of Jackson's appeal of the appraised value of the property. However, we do have jurisdiction to consider the *preliminary* issue of whether Jackson timely filed its motion to determine substantial compliance. Accordingly, we hold that notwithstanding section 42.08's forfeiture provision, we have jurisdiction to consider this appeal and we overrule the District's cross point.

## V. JACKSON'S REMEDY

■ Whether a property owner has substantially complied with section 42.08 is a question of fact for the trial court to determine on a case-by-case basis. *See Harris County Appraisal Dist. v. Bradford Realty, Ltd.,* 919 S.W.2d 131, 135 (Tex.App.—Houston [14 th Dist.] 1994, no writ); *Harris County Appraisal Dist. v. Dipaola Realty Assocs.,* 841 S.W.2d 487, 490 (Tex.App.—Houston [1 st Dist.] 1992, writ denied). Under section 42.08, the trial court is directed that it "*shall* hold a hearing to review and determine compliance with this section" upon proper motion by a party. TEX. TAX CODE ANN. § 42.08(d) (emphasis added). Because in this context, "shall" imposes a duty on the court, *see* TEX. GOV'T.CODE ANN. § 311.016(2) (Vernon 1998), a property owner who has filed a proper motion with the trial court is entitled to a hearing on the merits of its motion to determine whether it substantially complied with the statutory requirements of section 42.08.

In this instance, the district court never reached the merits of Jackson's motion because it erroneously concluded that the motion was untimely filed and that Jackson had to file an oath of inability to pay taxes before the delinquency date. As a result, we reverse and remand this case to the trial court for a hearing on the merits of Jackson's motion, and direct the trial court to determine whether Jackson substantially complied with section 42.08, in light of our holdings that (1) Jackson was not required to file an oath of inability to pay taxes prior to the delinquency date in order to preserve its appeal, and (2) Jackson's motion to determine substantial compliance was not untimely as a matter of law. In reaching its decision, the trial court should consider whether Jackson's failure to comply with the requirements of section 42.08 hinders the legislature's purpose in enacting the forfeiture provision. *See, e.g., Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.,* 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ) (holding that legislative intent behind forfeiture provision of section 42.08 was to ensure that (1) taxpayers would not use right of judicial review to delay payment of taxes and (2) local government activities that rely on ad valorem taxes would not be unduly impeded by the appellate process). The trial court should then determine whether any special terms and conditions should be imposed under the particular circumstances of Jackson's case, taking into consideration such factors as whether Jackson was solvent on the delinquency date;[5] the amount of taxes Jackson paid timely, if any; the amount left unpaid by the delinquency date; the parties' agreement to abate the appeal pending the *Lall* decision; the promptness of Jackson's late payment; and the fact that one prong of the forfeiture provision in effect at the time Jackson's taxes were due was determined to be unconstitutional.[6] *See Lall,* 924 S.W.2d at

---

5. As noted above, the legislature amended section 42.08 in 1995 by adding a provision allowing insolvent taxpayers to file an oath of inability to pay in lieu of paying taxes. As a result, the solvency of a taxpayer whose taxes became delinquent before the legislature added this provision should be a factor in the trial court's decision.

6. This list is not intended to be all-inclusive.

692–93; *Bradford*, 919 S.W.2d at 135; *Dipaola*, 841 S.W.2d at 490.

### VI. CONCLUSION

Because Jackson was not required to file its motion to determine substantial compliance before the delinquency date, the trial court erred in concluding that Jackson's motion was untimely as a matter of law. Although the relevant delinquency date for Jackson has passed, the trial court has discretion, in determining compliance with section 42.08, to "set such terms and conditions on any grant of relief as may be reasonably required by the circumstances." *See Lall*, 924 S.W.2d at 692–93 (quoting TEX. TAX CODE ANN. § 42.08(d)). We thus reverse and remand this case to the trial court for a hearing to determine, pursuant to Jackson's previous motion, whether Jackson substantially complied with section 42.08.