**HARRIS COUNTY APPRAISAL DIS-
TRICT and Harris County Apprais-
al Review Board, Petitioners,**

v.

**John HERRIN, The Enterprise Company,
Ltd. and the Enterprise Company,
Respondents.**

No. 96–0371.

Supreme Court of Texas.

June 14, 1996.

G. Todd Stewart, Houston, for petitioners.

William B. Emmons, Houston, for respon-
dents.

**Opinion**

PER CURIAM.

In this ad valorem tax case, a taxpayer
argues that section 42.08 of the Texas Tax
Code is unconstitutional under the open
courts provision of the Texas Constitution.
TEX. CONST. art. I, § 13. The court of ap-
peals agreed, holding section 42.08 unconsti-
tutional. 917 S.W.2d 345. Today, we decid-
ed this issue in the consolidated causes of
*Central Appraisal District of Rockwall
County v. Lall* and *Dallas Central Appraisal
District v. W.V. Grant Evangelistic Associa-
tion,* 924 S.W.2d 686 (Tex.1996). We con-
cluded that only one prong of section 42.08's
forfeiture provision is unconstitutional. *Id.*

at 687. Consistent with that opinion, we modify the judgment of the court of appeals and remand this case to the trial court.

In 1992, the Harris County Appraisal District ("HCAD") appraised nine properties owned by John Herrin, The Enterprise Company, Ltd., and The Enterprise Company ("Herrin"). Herrin filed a protest with the HCAD Review Board, arguing that the appraisals were too high. After the Review Board refused to lower the appraisals to an amount acceptable to Herrin, he filed suit in district court.

Herrin failed to pay any taxes by the February 1, 1993 delinquency date. Nevertheless, the parties reached a settlement agreement, which reduced the appraised value of the properties by about sixty percent. In May, the parties announced this agreement in open court, and in June, Herrin paid taxes based on the amounts agreed to in the settlement agreement. However, the HCAD Board of Directors did not approve the settlement agreement because it was reached after the delinquency date had passed. HCAD therefore moved for summary judgment in November 1993, arguing that Herrin's suit should be dismissed under section 42.08 of the Tax Code because Herrin did not pay the taxes owed by the delinquency date. The trial court denied HCAD's motion. Several months later, a trial based on stipulated facts was held. The trial court rendered judgment for Herrin, finding the values of the properties to be the same as those agreed to in the settlement agreement. The court of appeals affirmed, holding the forfeiture provisions of section 42.08 of the Tax Code unconstitutional. 917 S.W.2d 345.

Under section 42.08 of the Tax Code, a taxpayer forfeits the right to judicial review of an ad valorem tax assessment if the taxpayer does not pay, before the delinquency date, either the amount of taxes due on that portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater. TEX.TAX CODE § 42.08(b)(1). Herrin challenges this forfeiture provision, arguing that it violates the open courts provision of the Texas Constitution. TEX. CONST. art. I, § 13. This Court

decided this issue today in the consolidated causes of *Lall* and *W.V. Grant,* 924 S.W.2d 686 (Tex.1996). Specifically, the Court held that the forfeiture provision violates a litigant's right to open courts only as applied to the second prong of the prepayment requirement, which requires that a taxpayer pay the amount of taxes imposed in the preceding year. *Id.* at 687. We held that taxpayers are still required to pay, before the delinquency date, the amount due on the taxable value of the property that is not in dispute. *Id.* at 688.

Applying this decision to the present case, Herrin was required to pay any undisputed taxes owed on the properties before the February 1, 1993 delinquency date. The parties stipulated at trial that Herrin had paid no taxes prior to this date. Thus, under our holdings in *Lall* and *W.V. Grant,* Herrin forfeited his right to maintain his suit in district court by not prepaying, before the delinquency date, the undisputed amount of taxes owed. However, in *Lall* and *W.V. Grant,* we remanded to the trial court for it to determine whether the parties had complied with section 42.08 as modified. *Id.* at 692. We noted that trial courts, in making this determination, have discretion to " 'set such terms and conditions on any grant of relief as may be reasonably required by the circumstances.' " *Id.* (quoting TEX.TAX CODE § 42.08(d)). Consistent with that opinion, we likewise remand this case to the trial court to determine, if a party moves for it to do so, whether any special terms and conditions should be imposed under the circumstances.

For the foregoing reasons, the Court grants HCAD's application for writ of error and, without hearing oral argument, modifies the judgment of the court of appeals and remands to the trial court for further proceedings consistent with this opinion. *See* TEX.R.APP.P. 170.