

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ELDON RODRIGUEZ and MARIA RODRIGUEZ, | § § | No. 08-23-00004-CV |
|  | § | Appeal from the |
| Appellants, | § | 210th Judicial District Court |
| v. | § | of El Paso County, Texas |
| CITY OF EL PASO, | § | (TC# 2020DTX1402) |
| Appellee. | § |  |

## MEMORANDUM OPINION

Appellants Eldon Rodriguez and Maria Rodriguez appeal from a summary judgment granted in favor of the City of El Paso in its suit seeking recovery of delinquent ad valorem taxes. In five issues, Appellants argue they raised genuine issues of material fact precluding judgment as a matter of law. Finding no error, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Appellants own real property located at 9328 McFall Drive in El Paso County, Texas. In October 2020, the City filed suit against Appellants for recovery of delinquent ad valorem taxes for the years 2018 and 2019, and for any other year in which taxes later became delinquent during the pendency of the case. Appellants answered with a general denial of the claims.

Meanwhile, in September 2021, while the City's suit remained pending, Appellants petitioned in a separate lawsuit for a judicial review of the valuation of their property by the El Paso Central Appraisal District (the CAD) for tax years 2020 and 2021 (the valuation protest suit).[1] The filing of that suit resulted in an immediate abatement of the City's underlying suit for collection of delinquent taxes. During that abatement and for the limited purpose of determining whether Appellants had complied with pre-payment requirements imposed by law, the City intervened in Appellants' valuation protest suit on behalf of itself and all political subdivisions for which it collected taxes. *See* TEX. TAX CODE ANN. § 42.08(f). The City's pleading included a plea to the jurisdiction and motion to dismiss based on lack of subject matter jurisdiction. By its jurisdictional plea, the City alleged Appellants had failed to pre-pay required taxes in avoidance of a forfeiture of their right to proceed to a final determination of their valuation protest. *See* TEX. TAX CODE ANN. § 42.08(b). The City urged the forfeiture deprived the trial court of subject matter jurisdiction over Appellants' claim. Ultimately, the presiding judge of County Court at Law No. 6 granted the City's plea to the jurisdiction and dismissed the valuation protest for want of jurisdiction. The dismissal order was signed on June 29.

Next, in July 2022, the City moved for a traditional and no-evidence summary judgment in the underlying tax delinquency suit. The combined motion indicated the City by then sought payment of taxes for tax years 2018 through 2021, as the two more recent years had also become delinquent during the pendency of the suit. Before Appellants responded to the City's motion, the case was transferred to the 327th Judicial District Court of El Paso County. Appellants then responded in opposition by essentially asserting a two-fold argument: (1) that taxes were paid for

---

[1] Appellants' valuation protest suit against the CAD was filed in County Court at Law No. 6 of El Paso County, docketed under trial cause number 2021DTX0963. Among their claims, Appellants sought a judicial review of Appellants' purported protests of the valuations assessed on 9328 McFall Drive for tax years 2020 and 2021.

2

tax years 2018 and 2019; and (2) that the subject property became uninhabitable and valueless for tax years 2020 and 2021. In support of the first part of their argument, they attached a City of El Paso web receipt reflecting a partial payment of $8,276.36, made on January 30, 2021, on their property tax account, along with a purported information history that includes a reversal of the same payment on the same date. As for the second part of the argument pertaining to value, they provided documents ranging from correspondence to the CAD regarding their protest of value, opinions on the habitability of the property, notices of protest, and website printouts related to the property. In reply, the City acknowledged a payment of $8,276.36 had been made, but it further contended the check was not honored by the bank and it was returned for insufficient funds as reflected by the reversal entry that appears on Appellants' payment history. The City supported its contentions with an affidavit of Maria O. Pasillas, the City's tax assessor-collector. After granting the City's motion for summary judgment, the trial court rendered judgment against Appellants for delinquent taxes owed from years 2018 through 2021, and further ordered foreclosure of the tax liens against the property.

This appeal followed.

## ISSUES ON APPEAL

Appellants raise five issues on appeal, which they describe as "legal errors." In their first issue, Appellants claim the City and the county appraisal district improperly and unlawfully rejected their payment of taxes for tax years 2018 and 2019. Based on these purported payments, they assert they raised genuine issues of material fact precluding judgment in favor of the City on these two tax years. As to the remaining four issues, Appellants raise various complaints regarding notice of taxes due and valuation of the subject property. On these issues as well, they contend

3

they raised genuine issues of material fact that further preclude summary judgment for the City as a matter of law.

We address the issues in turn.[2]

## SUMMARY JUDGMENT

### A. Standard of review

The City filed a combined traditional and no-evidence summary judgment motion. Both types of motions are reviewed de novo, "taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor." *See JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *Fibela v. Wood*, 657 S.W.3d 664, 670 (Tex. App.—El Paso 2022, no pet.). When the trial court's order does not specify the grounds for granting the summary judgment, we must affirm the judgment on any theory presented to the trial court and preserved for our review. *Fibela*, 657 S.W.3d at 670 (citing *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003)).

A no-evidence motion is "essentially a motion for a pretrial directed verdict." *Timpte Indus. Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To prevail on a no-evidence motion, the movant must allege that there is no evidence of one or more essential elements of the nonmovant's claims or defenses. TEX. R. CIV. P. 166a(i). The burden is then on the nonmovant to "present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Timpte Indus.*, 286 S.W.3d at 310. The Texas Supreme Court directs courts to strictly enforce the

---

[2] As to Appellants' additional complaint that generally asserts they have been denied "substantive and procedural due process rights, and . . . a fair opportunity to appear and defend their interests[,]" we disagree. "Due process affords a party the right to be heard before final assessment of the taxes; it does not detail the review mechanism." *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 265–66 (Tex. App.—Fort Worth 2003, pet. denied). This Court, and our sister courts of appeals, have consistently held that the administrative remedies in the Tax Code satisfy substantive and procedural due process. *See id.* ("In cases involving taxation, due process is satisfied if the taxpayer is given an opportunity to be heard before some assessment board at some stage of the proceedings.").

specific element requirement. *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017). Conclusory motions or "general no-evidence challenges" are insufficient to support summary judgment. *See Timpte Indus.*, 286 S.W.3d at 310 (citing TEX. R. CIV. P. 166a(i), cmt.--1997).

To prevail on a traditional motion, the movant has the burden to prove that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). If the movant carries the burden and establishes a right to summary judgment, "the burden shifts to the nonmovant to present issues or evidence precluding summary judgment." *Fibela*, 657 S.W.3d at 670. "When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017).

"Whether a trial court has subject matter jurisdiction, including the issue of exhaustion of administrative remedies, is a question of law[]" that we review de novo. *City of El Paso v. Mtn. Vista Builders, Inc.*, 557 S.W.3d 617, 621 (Tex. App.—El Paso 2017, no pet.).

### B. Statutory framework

#### (1) Contesting appraised property value

Taxable property is to be taxed in proportion to its value, which is determined as provided by law. *Pecos Cnty. Appraisal Dist. v. Iraan-Sheffield Indep. Sch. Dist.*, 672 S.W.3d 401, 404 (Tex. 2023) (citing Tex. Const. art. VIII, § 1(b)). "An 'ad valorem tax' is a tax on property at a certain rate based on the property's value." *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 613 (Tex. App.—Austin 2016, no pet.). The appraised value of a property forms the basis for the amount of ad valorem tax owed. *Id.* The Legislature has provided a detailed,

comprehensive statutory regime for determining the value of taxable property. *Iraan-Sheffield ISD*, 672 S.W.3d at 404. Central to this regime are appraisal districts established in each county for the purpose of appraising property for taxation. *Id.*

Property owners are personally liable for taxes assessed on property owned on January 1 of each year for which taxes are imposed. TEX. TAX CODE ANN. § 32.07(a). Property "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *Id.* § 31.02(a). Although the taxing unit is required to send notice to property owners, "failure to send or receive the tax bill . . . does not affect the validity of the tax, penalty, or interest, the due date, the existence of a tax lien, or any procedure instituted to collect a tax." *Id.* § 31.01(g).

This does not leave property owners who do not receive tax bills without an avenue for redress in the event the taxing unit fails to send a required notice or the property owner disagrees with the appraised value. In fact, the Tax Code "provides detailed administrative procedures for a property owner to contest its property taxes." *Rio Valley, LLC v. City of El Paso*, 441 S.W.3d 482, 487 (Tex. App.—El Paso 2014, no pet.) (citing TEX. TAX CODE ANN. §§ 41.01–.71).

Chapter 41 of the Tax Code gives property owners the right to protest before a judicially appointed appraisal review board (ARB). TEX. TAX CODE ANN. §§ 6.41, 41.01. Property owners may protest appraised value, ownership, or "any other action of the chief appraiser, appraisal district, or [ARB] that applies to and adversely affects the property owner." *Id.* § 41.41(a)(9). Once the protest is properly filed, the property owner is entitled to a hearing and determination of a protest by the ARB. *Id.* § 41.44.

Property owners wishing to exercise their statutory right of protest must timely file their protests and continue to pay undisputed taxes—failure to do so results in a waiver of any

administrative remedy. *Id.* § 41.4115. A property owner also forfeits the right to a determination of a protest if they do not pay "the amount of taxes due on the portion of the taxable value of the property subject to the protest that is not in dispute before the delinquency date[.]" *Id.* §§ 41.4115(b), 41.411(c). Thus, even if a property owner timely files a protest, they can still forfeit the right to a final administrative decision by failing to pay undisputed taxes. *Id.* §§ 41.4115(b), 41.411(c).

To protest failure to give notice, a property owner must file their protest "on or after the date the taxes on the property to which the notice applies become delinquent, but not later than the 125th day after the property owner, in the protest filed, claims to have first received written notice of the taxes in question[.]" *Id.* § 41.44(c-3). Once taxes become delinquent, a property owner "is entitled to a hearing solely on the issue of whether one or more taxing units timely delivered a tax bill." *Id.* If a property owner successfully protests lack of notice, the remedy is an extension of time that postpones the delinquency date to the 125th day after the date the taxing unit delivered written notice. *Id.*

A property owner is entitled to protest the determination of the appraised value of the property before the ARB. *Id.* § 41.41(a)(1). To protest, a property owner must file their protest no later than May 15 or the 30th day after the date that notice of the appraised value was delivered to the property owner, whichever is later. *Id.* § 41.44(a)(1). A property owner is entitled to appeal the ARB's order determining a protest by filing a petition for review in the district court within 60 days after they receive notice of the final order. *Id.* §§ 42.01(a)(1)(A), 42.21.

Administrative decisions are final if not appealed within 60 days. *Id.* § 42.21(a) (failure to timely file a petition for review bars any appeal). A property owner who appeals the decision of the ARB must pay the lesser of the taxes due on the undisputed portion of the taxable value of the

property, the amount of taxes due under the order from which the appeal is taken, or the amount of taxes due in the preceding tax year. *Id.* § 42.08(b). By failing to make this prepayment, a property owner forfeits their right to maintain their suit in district court. *Id.*; *Harris Cnty. Appraisal Dist. v. Herrin*, 924 S.W.2d 154, 155 (Tex. 1996) (per curiam).

The Supreme Court of Texas has described the administrative review process as intended to "resolve the majority of tax protests at [the administrative level], thereby relieving the burden on the court system." *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990).

### (2) Collection of delinquent taxes

Unpaid taxes may become delinquent regardless of whether a property owner seeks administrative remedies. To secure the payment of all taxes, penalties, and interest, the Legislature has provided that a tax lien attaches to property on January 1 of each year. TEX. TAX CODE ANN. § 32.01(a). A tax lien is extinguished by tendering complete payment of the taxes and penalties assessed against the property. *See State v. Hoffman*, 201 S.W. 653, 654 (Tex. 1918). If taxes remain due, only the date of delinquency is subject to change.

When taxes become delinquent, the taxing unit has the option of suing "to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both." TEX. TAX CODE ANN. § 33.41(a); *see Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 497 (Tex. App.—El Paso 2009, no pet.). If, as is the case here, "judgment in a suit to collect a delinquent tax is for foreclosure of a tax lien, the court shall order the property sold in satisfaction of the amount of the judgment." TEX. TAX CODE ANN. § 33.53(a).

### B. The City's motion for summary judgment

The City filed a combined motion for summary judgment containing traditional and no-evidence portions. However, in its no-evidence motion, the City did not allege that an adequate

time for discovery had passed. Further, the entirety of the City's no-evidence portion of its motion consists of one sentence stating that the "lack of evidence to support any essential elements of any alleged defenses" entitles it to no-evidence summary judgment.[3] These deficiencies render the City's no-evidence motion insufficient to support summary judgment. *See* TEX. R. CIV. P. 166a(i); *Hansen*, 525 S.W.3d at 695. Accordingly, we conclude that the City failed to meet its pleading burden to identify the defenses and elements without evidence, and we cannot uphold the trial court's summary judgment on no-evidence grounds alone. *See id.* at 695–96. We next consider the City's traditional motion for summary judgment.

To prevail on its traditional motion, the City had the burden to prove there was no genuine issue of material fact and it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). As summary judgment evidence, the City produced certified copies of its delinquent tax rolls, alleging the tax rolls established a prima facie case in a suit for delinquent taxes. The City contends that because Appellants failed to exhaust their administrative remedies, the trial court lacked jurisdiction to consider any defensive claims regarding failure to provide notice or valuation.

### (1) The prima facie case

Section 33.47 of the Tax Code provides in pertinent part:

> (a)   In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a). When a taxing unit introduces the documents described in § 33.47 into evidence, "it establishes a prima facie case as to every material fact necessary to

---

[3] Notably, Appellants did not include any affirmative defenses in their pleading responding to the City's suit nor did they amend their response.

9

establish its cause of action." *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 906 (Tex. App.—Dallas 2004, no pet.)) (collecting cases). Once these documents are introduced, "the burden of proof then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case." *Id.* (citing *Estates of Elkins v. Cnty. of Dallas*, 146 S.W.3d 826, 829 (Tex. App.—Dallas 2004, no pet.) ("Unless the taxpayer establishes independent reasons why the taxing authority should not recover, the taxing authority is entitled to judgment.")).

### (2) Protest grounds as defenses

"The Texas Supreme Court has repeatedly held that 'a taxpayer's failure to pursue an [ARB] proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.'" *Mtn. Vista Builders*, 557 S.W.3d at 621 (quoting *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006)). Chapter 41 of the Texas Tax Code provides the procedures by which a property owner may dispute actions of an appraisal district before an ARB, including failure to give notice, failure to hear protests, actions taken in response to a protest, and excessive valuation. *See* TEX. TAX CODE ANN. §§ 41.411 (failure to give notice); 41.41 (determination of appraised value and "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner"). If the property owner is dissatisfied by the actions of the ARB on any matter over which the ARB has jurisdiction, the property owner may appeal to the district court for judicial review under the provisions of Chapter 42 of the Tax Code. *See id.* § 42.01, 42.21; *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. Spencer Square LTD*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

A property owner's failure to exhaust the administrative remedies provided in Chapter 41 precludes judicial review of the actions over which the ARB had jurisdiction and deprives the property owner of the right to bring those matters as defenses in a suit to enforce collection of delinquent taxes. *Mtn. Vista Builders*, 557 S.W.3d at 621; *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 76 (Tex. App.—El Paso 2005, no pet.). Stated another way, the trial court lacks subject matter jurisdiction to consider any unexhausted protest grounds as an affirmative defense in a suit to collect delinquent taxes. *Mtn. Vista Builders*, 557 S.W.3d at 621. Further, a property owner forfeits their right to judicial review of their protest under Chapter 42 of the Tax Code when they fail to otherwise pay the amount of taxes due under § 42.08. *Herrin*, 924 S.W.2d at 155.

Except for certain exceptions not applicable here, these procedures for adjudication of the grounds of protest are a property owner's exclusive means of adjudicating the grounds of protest as a basis of tax relief. *See* TEX. TAX CODE ANN. § 42.09(a); *SPX Corp. v. Altinger*, 614 S.W.3d 362, 378–79 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Nevada Gold & Silver*, 225 S.W.3d at 76.

### (3) Analysis

As summary judgment evidence, the City produced its tax roll regarding the account relating to 9328 McFall Drive for the years 2018 through 2021, which conclusively establish all elements of a prima facie cause for delinquent tax suit against Appellants for taxes due for those years. TEX. TAX CODE ANN. § 33.47. The burden of proof then shifted to Appellants to produce evidence raising a genuine issue of material fact on the City's claim or on a statutory defense. *See, e.g., Estates of Elkins*, 146 S.W.3d at 829.

11

### (a) The payment defense

In their first issue, Appellants claim to have raised a fact issue on the affirmative defense of payment. Appellants contend they made payments for taxes owed for 2018 and 2019 and provided purported proof of those payments. Appellants solely rely on the payment history printout and receipt attached to their response. Although the records show a receipt of payment of $8,276.36, on January 30, 2021—which the City's tax assessor-collector acknowledged—the same record also includes a reversal of the payment for the same amount on the same date. To the extent we are able to credit the payment record as showing that a payment of $8,276.36 was made on the account, the very same record includes a reversal entry for the entirety of that same amount. Appellants otherwise provide no other evidence in support of their contention that taxes had been paid in the amount of $8,276.36 for tax years 2018 and 2019. Moreover, the City provided affidavit testimony of the tax-collector assessor averring that Appellants had tendered payment of $8,276.36 by electronic check (e-check), purportedly to pay the 2018 and 2019 tax years, but the "e-check did not clear" and it was returned on February 3, 2020. We conclude the payment argument is conclusory and unsupported by probative evidence.

Even so, Appellants argue the bank's failure to honor their payment and the notation of "reversal" in the tax records are facts that are somehow inconsistent with each other which raise a genuine issue of material fact. For this claim, they provide no citation to authority to develop their claim. *See* TEX. R. APP. P. 38.1(i); *Nevarez v. Perez*, No. 08-22-00131-CV, 2023 WL 4754624, at *4 (Tex. App.—El Paso July 25, 2023) (mem. op.) (citing *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) ("An issue that is unsupported by legal authority and lacks citation to the record presents nothing for review.")).

12

Lastly, a claim of payment is an affirmative defense. TEX. R. CIV. P. 94. Appellants did not plead any affirmative defenses in their answer, so, for this additional reason, it was waived. *See Mtn. Vista Builders*, 557 S.W.3d at 624; *F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 107–08 (Tex. App.—El Paso 2008, no pet.).

We overrule Appellants' first issue.

### (b) Lack of notice defense

In their second issue, Appellants claim the City never provided them with a sum certain in taxes due for tax years 2020 and 2021. We construe this assertion as a claim that the City never provided notice of an amount of taxes due for those years. The City responds that Appellants' failure to exhaust administrative remedies with respect to their lack of notice defense deprived the trial court of jurisdiction to entertain, as a defense, a claim asserting the appraisal district failed to provide or deliver any notice to which a property owner was entitled as a matter of law.

When a taxing authority establishes its prima facie case on delinquent taxes due by complying with § 33.47 of the Tax Code, the taxing authority is entitled to the presumption that proper notice of taxes due was given. *Phifer v. Nacogdoches Cnty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex. App.—Tyler 2000, pet. denied) (citing *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982)). Here, the City complied with the requirements of § 33.47.

Moreover, the Tax Code specifically states that failure to send or receive a tax bill does not affect the validity of any proceeding instituted to collect the tax. TEX. TAX CODE ANN. § 31.01(g). In addition, Appellants were jurisdictionally barred from raising a claim of lack of notice from the appraisal district as a defense to the delinquency suit. "A property owner is entitled to protest the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled." *Mtn. Vista Builders*, 557 S.W.3d at 622 (citing TEX. TAX CODE ANN. § 41.411(a)). Appellants were required, then, to bring any lack of notice from the appraisal

13

district to the ARB as part of their exhaustion of administrative remedies. TEX. TAX CODE ANN. §§ 42.01(b)(2), 42.09. Because Appellants neither alleged nor produced evidence that they first sought administrative review of lack of notice from the appraisal district, the trial court was prohibited by the Tax Code, and therefore lacked jurisdiction, to consider this defense as to the appraisal district's fulfillment of notice requirements. *See Mtn. Vista Builders*, 557 S.W.3d at 621.

We overrule Appellants' second issue.

### (c) Refusal to hear protest, rejection of proposed value, and overvaluation

In their remaining three issues, Appellants claim the City refused to consider their 2020 protest, improperly rejected their 2021 protest, and excessively valued their property in 2020 and 2021, respectively. Appellants claim they submitted an email request for hearing in 2020 to the appraisal district. They state they never received a response setting a hearing on the 2020 request. At a July 2021 hearing, the ARB heard and rejected Appellants' request to hear their 2020 protest, and upheld the appraisal district's 2021 valuation, rejecting Appellants' claim that their property had zero value.

In Appellants' judicial appeal of the ARB's determination regarding the 2020 and 2021 protests, the court determined that Appellants had not complied with the prepayment requirement of § 42.08 of the Tax Code. Because Appellants did not comply with the prepayment requirement, the trial court found they had forfeited their right to proceed to a final determination in the judicial review of the ARB's actions with respect to their property valuation for 2020 and 2021. *See* TEX. TAX CODE ANN. § 42.08(b). As a result, it determined it lacked subject matter jurisdiction over the protest claim. No appeal was apparently pursued, and the dismissal became final.

Refusal to hear a protest, rejection of the protest, and overvaluation are all issues within the administrative jurisdiction of the ARB. *See* TEX. TAX CODE ANN. §§ 42.01, 42.21, 42.28. With the exception of two affirmative defenses not applicable here (property owner did not own property

14

and property not located within the boundaries of the taxing unit), the procedures described by the Property Tax Code (Title 1 of the Texas Tax Code) for adjudication of the grounds of protest authorized by the Property Tax Code are exclusive, and a property owner may not raise these grounds in defense to a suit to enforce collection of delinquent taxes. TEX. TAX CODE ANN. § 42.09; *see SPX Corp. v. Altinger*, 614 S.W.3d 362, 378–79 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Thus, any remedy Appellants sought for refusal to hear their protest, rejection of their protest, and overvaluation of their property must have been sought through judicial review as provided by the Property Tax Code and may not be raised here in the tax delinquency suit. *See* TEX. TAX CODE ANN. § 42.09; *SPX Corp.*, 614 S.W.3d at 379; *Hood v. Hays Cnty.*, 836 S.W.2d 327, 329 (Tex. App.—Austin 1992, no pet.) (per curiam).

We overrule Appellants' third, fourth, and fifth issues.

## CONCLUSION

We affirm the trial court's judgment.

GINA M. PALAFOX, Justice

September 28, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.

15